IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOHNNIE JUAN NIEVES RIVERA**<br><br>Plaintiff<br><br>v.<br><br>**FCA US, LLC; FCA CARIBBEAN, LLC; JOHN DOE; JANE DOE; FOREING COMPANIES A, B and C**<br><br>Defendants | **CIVIL NO.:**<br><br><br><br>**PRODUCT LIABILITY JURY DEMAND**<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES** now **PLAINTIFF, Johnnie Juan Nieves Rivera ("Johnnie Nieves"),** through the subscribing attorneys, who very respectfully **STATE, ALLEGE** and **PRAY**:

### I.    INTRODUCTION

1. This is a civil action for product liability that resulted in physical and emotional damages to Johnnie Nieves, while the vehicle Dodge Ram 1500 REBEL CREW CAB 4x4, 2017, VIN#1C6RR7YT6HS640628 (the "Vehicle"), provoked an accident on August 6, 2018.

### II.    JURISDICTION AND VENUE

2.    This Honorable Court has jurisdiction over the present case by virtue of diversity of citizenship statute, 28 U.S.C. § 1332, and by the fact that the claim of plaintiff exceeds the sum of $75,000.00 exclusive of costs and interests.

3.    This Court has jurisdiction over Defendants inasmuch as Defendants, acting on its own and/or through its agents, wholesalers, distributors, sellers, franchisees, licensees and sub-

licensees have carried out business transactions and/or have committed tortious acts within the commonwealth of Puerto Rico.

### III. PARTIES

4. Plaintiff Johnnie Nieves is of legal age, single and resident and domiciled in Villalba, Puerto Rico. His address is Road 150, Km 12.3, Caonillas Abajo Ward, La Cruz Sector, Villaba, Puerto Rico 00966.

5. Co-defendant **FCA US, LLC** ("FCA") is an automobile manufacturer headquartered in Auburn Hills, Michigan. FCA is the company that manufactured, designed, assembled, tested, marketed, sold, advertised and/ or distributed the Vehicle. FCA's address is 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

6. Co-defendant **FCA CARIBBEAN, LLC** ("FCA Caribbean") is Delaware Corporation, also headquartered in Auburn Hills, Michigan, and authorized to do business in Puerto Rico. FCA Caribbean is administered by FCA US, LLC. FCA Caribbean supports sales and marketing operations for Puerto Rico, Dominican Republic, US Virgin Islands, and Barbados. FCA Caribbean's address is 1000 Chrysler Drive, Auburn Hills, Michigan 48326. FCA Caribbean is based out of San Juan and its postal address is: Metro Office Park 1 ST., 1 Guaynabo, Puerto Rico 00968.

7. Co-Defendants **JOHN DOE** and **JANE DOE** are unknown natural persons, domiciled in other place than Puerto Rico, who are responsible for any damages caused to plaintiffs. Once their true names are known, they will be substituted.

8. **FOREIGN COMPANIES A, B & C** are fictitious names domiciled in other place than Puerto Rico, which represent any entities jointly responsible for the damages caused to plaintiff. Once their true names are known, they will be substituted.

## IV. **FACTS**

9. Plaintiff Johnnie Nieves is a United States Army veteran. He enlisted in the Army in 1988 at 19 years of age. He served in the war in Kuwait in 1991. Among other things, from 2004 to 2010, he was activated to provide support training to soldiers before departing for the Irak war. He also gave drivers' training to soldiers, from Humvee to 5-ton truck vehicles. Around 2005 and 2007, he also served in the Irak war on the front several times. During the war in Irak, the vaccine against anthrax affected his thyroid and later his vision. He retired with the rank of E-6/Staff Sargent in 2010.

10. During the morning of August 6, 2018, he drove the Vehicle to a paint and body shop to help as usual in administrative matters around 10AM. Approximately at noon his daughter called that she was arriving at his house around 2 or 3pm and asked for a nice dinner. Johnnie Nieves of course obliged.

11. When the daughter Zoraya arrived at the house, Johnnie Nieves was still in the shop, about one mile from his home. He immediately left the shop and took the direction of his house. He turned to the paved road that leads to his house and arrived at the entrance gate. He opened the gate with the beeper and stopped after entering to ensure the gate closed properly. He always does that. While he was looking at the gate through the rear-view mirror, and with his right foot at the brake pedal, the vehicle suddenly accelerated itself to full throttle and moved forward 150 to 200 feet. During that distance, his immediate reaction was to continue pushing hard the brake pedal and to shift the control button to the parking position. The Vehicle was not responding and to avoid a left turn down to a precipice and creek, he veered to the right towards a ridge in an effort to stop the Vehicle.

12. The Vehicle impacted the ridge, causing it to rollover. Before the collision, Johnnie Nieves was able to move to the right side and lay down inside the Vehicle to protect himself from severe or fatal damage from the roof compression. He remembers to hear the full acceleration of the Vehicle after the rollover for around a minute and a half, while trying to get out and grab fresh air. During that process he remembered his children and his wife who had passed earlier in 2017.

13. He was able to get out of the Vehicle through the right-side window of the back seat. He placed a blanket in the window to avoid cutting himself while. He separated himself from the Vehicle and started to cry and pray. At that time, the Vehicle was still accelerated and still causing strong noises. It stopped after several seconds. He remembers at that time feeling intense pain in his right shoulder, neck and right knee.

14. He wanted to let his daughter know what happened. He walked through the road with much difficulty around 350 meters to the house, feeling immense pain. He told his daughter what happened, and then went to his parents' house nearby in the same property to let them know as well. He did not want his parents to see the Vehicle in that condition. After leaving his parent's house, he called the police, which arrived around 45 minutes later.

15. He decided not to go to the hospital that day. He went to rest to his room. Later his parents and his brother arrived at the house. The next morning, he went to the hospital with his other daughter, feeling horrible pain.

16. He also went to the veteran's hospital. He was found to have damage in his back, cervical hernia, and damage to the right knee meniscus. He received therapy.

**V.     COUNTS**

## COUNT I: STRICT LIABILITY

17. Defendant FCA manufactured, designed, assembled, tested, marketed, sold, advertised, and /or distributed the Vehicle, owned by Johnnie Nieves.

18. The Vehicle contained a defective and unsafe design and/or electrical malfunction that caused the sudden acceleration of the vehicle, therefore constituting a product unsafely dangerous for normal use due to its defective design and manufacture.

19. The Vehicle contained a defective and unsafe design and/or electrical malfunction that caused an activation/deployment failure of the airbag system, therefore constituting a product unsafely dangerous for normal use due to its defective design and manufacture.

20. As a direct and proximate result of all co-defendants designing, manufacturing, assembling, testing, marketing, selling, advertising and /or otherwise distributing the Vehicle, Plaintiff suffered serious damages.

21. Co-defendants are strictly liable in law to Plaintiff pursuant to applicable laws, statutes and regulations.

## COUNT II: NEGLIGENCE

22. At all times, it was the duty of the Defendants to use reasonable care in the designing, manufacturing, assembling, testing, marketing, selling, advertising, warning, and /or otherwise distributing the Vehicle.

23. Contrary to their duty, the Defendants were responsible of at least for the following careless and negligent acts and/ or omissions:

    a. Failed to adequately and properly test and inspect the components incorporated into the Vehicle, so as to ascertain whether or not it was safe and proper for the purpose for which was designed, manufactured and sold;

b. Failed to utilize and/or implement a reasonably safe design in the manufacture, installation and/or functioning of the Vehicle;

c. Failed to install a safe airbag system.

24. The Defendants, therefore, are liable in law to Plaintiff pursuant to applicable laws, statutes and regulations.

## VI. DAMAGES

25. Due to the negligent acts and/or omissions of the Defendants, Johnnie Nieves suffered severe physical and emotional damages.

26. Due to the negligent acts and/or omissions of the Defendants, plaintiff Johnnie Nieves suffered and continues to suffer immense physical damages. Specifically, he has suffered and is suffering damages to his right knee, neck, his right shoulder, and his back.

27. Due to the negligent acts and/or omissions of the Defendants, Johnnie Nieves continues to suffer excruciating mental anguishes and suffering as a result of the accident and the physical damages suffered.

28. Plaintiff's damages are ongoing and accumulating, as he is currently receiving treatment for physical and emotional suffering.

29. In all, the physical injuries, physical disability and impairment, excruciating pain, mental anguish, past and future medical and psychological care, suffered by plaintiff Johnnie Nieves as a result of the defendants' negligent acts and/or omissions, are valued in an amount of not less than ONE MILLION DOLLARS ($1,000,000.00), for which the defendant is liable.

30. Plaintiff demands trial by jury of all issues in the case.

31. Plaintiff tolled the applicable statute of limitations in this case.

## VII. PRAYER FOR RELIEF:

**WHEREFORE**, **PLAINTIFF** demands judgment against defendants, jointly, in the sum of **$1,000,000.00**, together with the interests thereon from the date of the filing of the present complaint, costs and reasonable attorney's fees.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, today, November 15, 2021.

*s/Gabriel A. Peñagarícano Valdés*
**GABRIEL A. PEÑAGARÍCANO VALDÉS**
USDC-PR 212911
E-mail: gpenagaricano@me.com

GABRIEL A. PEÑAGARÍCANO, ESQ.
403 MUÑOZ RIVERA AVENUE
SAN JUAN, PUERTO RICO 00918
PHONE: 305-439-9194